UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENE EDWARD SCOTT, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  24-3646 (UNA) |
| ) | |
| ) | |
| KAMALA HARRIS *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, brings this action against former Vice President Kamala Harris and an "unknown" defendant in their official capacities, Compl., ECF No. 1 at 2, and seeks leave to proceed *in forma pauperis* (IFP).  The Court grants the IFP motion and dismisses the case for want of jurisdiction.

Plaintiff concludes that he has "the right[s] to legal employment," assembly, and equal protection.  Compl. at 4.  In lieu of factual allegations, Plaintiff refers to "Exhibit 1" of the complaint, *id*., which is equally unilluminating.  As relief, Plaintiff seeks financing "for a dry cleaning" business in "zip code 72069."  *Id*.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted).  The United States, including a U.S. official sued in her official capacity, is immune from suit save "clear congressional consent," *United States v. Mitchell*, 445 U.S. 535, 538 (1980), which "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned

up). A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

Plaintiff has pleaded nothing to overcome sovereign immunity. Further, a "complaint may be dismissed on jurisdictional grounds when," as here, it is 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). Consequently, this case will be dismissed by separate order.

Date: March 24, 2025

_____/s/_____
CHRISTOPHER R. COOPER
United States District Judge